## CAMPBELL vs. DOSS.

1. Where a claim to property levied on under attachment is dismissed for want of jurisdiction in the court to which it was made returnable, and no further steps are taken by the claimant to assert his rights, the levy is sufficient to support a judgment by default against the defenant in the attachment.

Error to the County Court of Dallas.

GAYLE, for the plaintiff:

The judgment by default was allowed when Campbell has not been brought into court. A defendant in attachment can only be brought into court by a levy upon *his property*. Here the property levied upon, before judgment in the attachment case, was claimed *by affidavit*, the mode prescribed to make a claim. The interposition of this claim, appearing upon the attachment itself, destroyed the presumption that the levy was *upon Campbell's property*, and no judgment should have been rendered against him until the right of property was determined. The judgment entry recites the facts before the County Court; it shows that the case to try the right of property was merely stricken from the docket for want of jurisdiction, and from this

act of the Circuit Court the County Judge infered that *no claim to the property was pending.* Striking the claim case from the docket did not destroy the claim, and operated only as a transfer of the case to the County Court. If the bond was void because returnable to the Circuit Court, the affidavit making claim remained, and another bond could have been made returnable to the the County Court. The affidavit creates the claim, and this was never withdrawn. The short interval of *one month* between the Circuit and County Courts scarcely gave the claimant an opportunity to give another bond, if one was necessary.

I can find no case like this, but its analogy to bringing a defendant in court by service of garnishment on the debtor seems complete. When so brought in, no judgment can go against the defendant in attachment until the garnishee's answer has admitted an indebtedness. Why ? Because if the garnishee is not indebted, the defendant has never been brought into court, and a judgment by default against one not in court would be error.

I regard the interposition of the claim as showing *prima facie* that the property levied upon is not the defendant's in attachment, and while it is pending no judgment can be allowed. Suppose pending a claim the plaintiff in attachment takes a judgment by default, and the claimant of the property levied on recovers it, has the plaintiff in attachment a *legal judgment?* The claimant's success shows that *defendant's property* never has been levied on, and he never, therefore, in court. No judgment can be rendered against a man unless he is in court, by *personal service* or *levy* upon his property.

EVANS, for the defendant :
Upon the facts we insist that the judgment was regular—1st. Because the attachment being levied upon the property of the defendant, he was properly in court under process of attachment.

2. The claim interposed returnable into the Circuit Court was void, and the property levied on, in contemplation of law, still remained in custody of the sheriff.—Thompson, guardian, v. Evans, 12 Ala. 588.

3. Even if the claim were not void, yet as the record shows that the claim case had been stricken from the docket, "and that no claim for the trial of the right of property was then pending,"

Campbell v. Doss.

there was no obstacle to the rendition of the judgment, and the case stood as if no claim had ever been interposed.

DARGAN, C. J.—Doss, the plaintiff, sued out an attachment against John C. Campbell, returnable to the County Court of Dallas, which was levied by the sheriff on certain slaves as the property of the defendant, and which were claimed by his wife, who gave bond to try the right of property. The claim was returned to the Circuit Court for trial, and at the fall term 1849 the Circuit Court dismissed the claim for want of jurisdiction. At the December term of the County Court, the plaintiff in the attachment showed by proof that the claim had been dismissed and that no other had been interposed, and the defendant making default, judgment was rendered against him.— It is now contended that the court erred in rendering judgment, because it does not appear that the attachment was levied on the property of the defendant, as it was claimed by his wife as her own. We will not now decide whether it would be erroneous to render judgment by default against a defendant before the claim to the property levied on by the attachment was tried, should the property be subsequently condemned as the property of the defendant. But we feel no hesitation in saying that after the claim is dismissed by the court to which it was returned for trial, and no further proceedings are taken to assert the right of the claimant to the property, there can be no impropriety whatever in proceeding to the rendition of judgment against the defendant. If the dismissal of the claim would not authorise the plaintiff to proceed with his cause, he would be without remedy, for he could take no legal measures to determine the right of the claimant to the property.

There was no error in the rendition of the judgment, and consequently it must be affirmed.